The President
delivered the opinion of the Court.
The questions which belong to this case, turn on the two instructions of the Judge the jury, which are set out in the bill of exceptions. The suit is in behalf of the pur *210 chaser of the slave in question, at a public sale, under an execution levied on the property, and proceeded in according to law, against the. appellee, who claims the property under an unrecorded mortgage, executed by the defendant in the execution.
The counsel for the plaintiff moved the Court, upon the evidence exhibited to the jury, to instruct the jury, that if from the evidence, they believed that the Sheriff did sell the slave, for such right as he might sell under the execution, and independently of the deed, that the title of the plaintiff, under the sale, was independent of the deed; and that they were not to regard the deed as evidence in this cause, because the deed was not recorded, or delivered to be recorded. This motion was over-ruled; and the Judge instructed the jury, that if they believed from the evidence in the cause, that the Sheriff sold, and the plaintiff purchased the negro in question, subject to the defendant’s claim, asserted by the deed, he, t-ljj: plaintiff, is not entitled to recover the slave from the defendant, without first satisfying the claim, according to the'terms of the deed. To this instruction, there seems to be no valid objection. If the plaintiff purchased only the'title of the mortgagor, the possession of the mortgagee could not be divested, until his claim under the deed was satisfied.
The second instruction under which the merits of the case turn, was in the following words; that “ if the jury bolieved from the evidence, that the Sheriff sold independent of, and without reference to the deed, yet if they also belseve from the evidence, that the Sheriff and plaintiff both had notice of the deed, at and before the day of sale, the plaintiff’s title under the sale, would be affected; and the deed evidence for the defendant, though not recorded or delivered to the clerk to be i’ecorded, if otherwise satisfactorily proved to the jury; and that all the transactions were within eight months after the date of the deed.” The error in this instruction, consists either in not distinguishing between a purchaser of the rights of a creditor, *211 from a purchaser from the debtor, or in confounding the condition of a creditor with that of a purchaser, with notice of a prior deed, and must have grown out of a misappre-' hension of the Statute, in relation to the subject. By the 4th section of the Act, to reduce into one the several Acts for regulating conveyances, and concerning wrongful alienations, it is declared, that all'deeds of trust and mortgages whatsoever, which shall hereafter be made and executed, shall be void as to creditors, absolutely and without qualification; and as to subsequent purchasers, with the qualification, “for valuable consideration, and without notice.” The words, “for valuable consideration,” in the section, certainly have no application to creditors, there being none of any other denomination;- nor have the words, “ without notice,” which make a part of the qualification of a purchaser to resist the unrecorded deed, any relation to a creditor, either by its position in the sentence, or its context. The senten^tjJowing this provision in the 4th section, makes this n^^^Bain, if it were necessary. Its words are, “ but the samej as between the parties and their heirs, and as^to all subsequent purchasers with notice thereof, or without valuable consideration, shall nevertheless be valid and binding;” omitting entirely, the word “creditors,” and thereby fully explaining the meaning of the provision in the section that precedes it. The 2d section in the same Act, might be resorted to for the same pur pose. In that section, the Words, “ for valuable consideration, and without notice,” are only applied to subsequent purchasers; and the provision as to creditors, is included in a substantive sentence coming afterwards, to which those words can have no application. A contrary exposition, would be in conflict with both the language and intention •of the Legislature. Before the words “ for valuable consideration without notice” were inserted in the Act, it was the settled law of a Court of Equity, though the unrecorded deed was void at law, to postpone such subsequent purchaser, on the ground that he was guilty of a *212 fraud, in purchasing whát he knew, in justice, belonged to anol-her. Since the insertion of those words in the Statute, that rule has become a rule of law; but that rule was never extended by a Court of Equity to creditors, nor was it intended to be so extended by the Legislature; because, though a creditor has notice of an unrecorded deed, he commits no fraud by crediting the grantor upon his general resposibility. If, in the lawful pursuit of his rights, he gets a lien 6h the property by the delivery of an execution to the proper officei-, as in the case before us, or otherwise, having equal equity with the party claiming under the deed, he falls within the settled rule of equity; that between parties having equal equity, he who has the law also, shall prevail. That the second instruction of the Judge would violate this rule, is perfectly clear; for, though the appellee was a purchaser and not a creditor, and in that character, in an ordinary case, would fall within the provisions of the Act in regard tojgtikasers, yet being a purchaser under a sale in behalf^^Mbeditor, he holds his rights and occupies his place I^uiis controversy; otherwise, the rights of a creditor would be of no avail.
On these grounds, the judgment is to be reversed, and the verdict set aside, and the cause ordered for further proceedings, in which the second instruction in the bill of exceptions is not to be given, but a contrary instruction, in the event that a similar motion is made by either party.