## Morris v. Ellis.

1. Lands of the debtor, within the county, are bound by the rendition of a judgment, and not merely from the teste of the execution, or the time of its receipt by the sheriff.

Writ of error to the Circuit Court of Tallapoosa county.

THIS was an agreed case between the parties, upon the following statement of facts.:

"Several executions upon judgments obtained at the same term, were placed in the hands of the sheriff against the administrators of E. McLemore, and among them, one in favor of the plaintiff, Morris. Some of the executions were of a later date than others; among the older class is that of the plaintiff, and a levy and sale of certain real estate, was effected, but not enough money was made to satisfy the executions of the older date. An apportionment of the money made between the elder executions, will give to the plaintiff one hundred and eleven dollars, but, if apportioned to all, his share will be only sixty-seven dollars. The agreement is, that if judgments in a Court of record in this State, bind real property, then the plaintiff is to have judgment for the last named sum, and if such judgments do not bind real estate, then the plaintiff is to have judgment for the first named sum.

The Circuit Court decided that judgments of a Court of record in this State, do bind real property, and gave judgment for sixty-seven dollars only.

The plaintiff prosecutes his writ of error, and insists that this judgment is erroneous.

HEYDENFELDT, for the plaintiff in error.
Tho's CLAY, contra.

GOLDTHWAITE, J.—There always is some difficulty in reasoning upon a subject, which, by a concurrence of opinion among the profession, has long been considered as settled, with-

out adverting to truisms familiar to all, and stated in every elementary treatise.

In order, therefore, to introduce the subject matter of this opinion, without going back to an inconveniently remote period, we will assume that lands, by the common law, were not bound by a judgment, nor subject, in any manner, to an execution.— This assumption will confine our examination to statutes passed by the legislative authorities of our own State, and from them we shall endeavor to trace the creation and progress of the right and means to subject real estate to the payment of debts.

The first enactment is the act 1807, and this gives the writs of *fieri facias, elegit* and *capias ad satisfaciendum*, against the goods, the lands, and the body of the defendant. After setting out the form of these writs, and directing the form and manner of their returns, the statute proceeds, with some specific directions, which tend to explain whatever is doubtful, from the writs themselves. The several sections will be separately examined, so far only, however, as may be necessary to elucidate the subject.

The writ of *elegit*, when issued pursuant to the statute, recites the recovery of the judgment, and the plaintiff's election of that mode of execution; it then commands the sheriff, that he cause to be delivered, all the goods and chattels of the defendant, saving the oxen and beasts of the plough ; and also a moiety of all his lands and tenements, in the county whereof, he, at the day of obtaining the judgment, was seised, or at any time afterwards, by reasonable price and extent; to have and to hold the said goods and chattels, to him, the said plaintiff, as his own proper goods and chattels; and the said moiety as his freehold, to him and his assigns, until he shall have levied thereof, the debt and damages. It also commanded the sheriff to certify, under his own seal, and the seals of those by whose oath he should make the extent and appraisement, how he should execute the writ. The manner of the inquisition and appraisement is indicated, though somewhat imperfectly, in the return prescribed. From that it appears that a jury was to be sworn, who ascertained what goods and chattels the defendant was possessed of on the day of the caption of the inquisition, which goods and chattels were then delivered to the

plaintiff; but as to the lands and tenements, the inquisition extended back to the time of rendering the judgment, as well as to those of which the defendant was seised at the time of the inquisition. Aikin's Digest, 157, § 1.

Another section of the same act, is very distinct in its expressions, and confirms the impression induced by the terms of the writ; by this it is provided, that when any judgment or recognizance shall be extended, the same shall not be avoided or delayed, by occasion that any part of the lands or tenements extendable, are or shall be omitted out of such extent; saving always to the party or parties, where lands shall be extended, his, her, or their heirs, executors and assigns, his or their remedy for contribution against such person or persons, whose lands are or shall be omitted out of such extent, from time to time. Ib. 160, § 4.

Thus very clearly providing a remedy for one purchaser, whose purchase from the defendant, subsequent to the judgment, shall be overreached by the *elegit* against any other who stand in the same condition, but against whose lands the creditor should not have proceeded.

It will be remembered, that although the form of the writ of *elegit* seems to contemplate that goods and chattels, as well as the lands, should be bound from the time of the judgment, yet the return evidently contemplates that the inquest shall, as to the goods and chattels, only relate to the day of its caption. It would be useless to attempt to account for this apparent discrepancy, as the doubt which might arise from it, is completely settled by a subsequent section of the act, which provides that no writ of *fieri facias*, or other writ of execution, shall bind the property of the goods against which such writ is sued forth, but from the time it shall be delivered to the sheriff, &c. to be executed.

When these enactments are considered, it does not admit of doubt, but that the lands of the debtor, within his county, were bound from the rendition of a judgment, and could be extended by the writ of *elegit*, so as to invest the creditor with a title to one moiety.

The law remained thus until the act of 1812, which provides, that thereafter, lands, tenements and hereditaments, shall be subject to the payment of all judgments or decrees of any

Court of record within the State; and the clerks were directed to frame the executions accordingly. Aikin's Digest, 163, § 18.

Since then, the universal custom has been, to insert the words, "lands and tenements," as well as " goods and chattels," in the ordinary writ of *fieri facias.*

It is apparent, that the act of 1812 did not repeal that of 1807, which gives the writ of *elegit;* and as the lands were then bound by judgment, to the extent which has been shewn, it was useless, in the subsequent enactment, to declare that the lands should be bound from the rendition of the judgment. If a rule different from that applicable to the *elegit,* had been intended to prevail, it doubtless would have been declared by the statute.

It is from these statutes that we arrive at the conclusion that lands, in the county where the judgment is rendered, are subject from the time of the rendition of the judgment.

We limit our decision in the manner which will be observed, not that we wish to be understood as having come to the conclusion that other lands are not bound, but to indicate that to be yet an open question.

We might also add, if authority was necessary to support decisions on our own local statutes, that the enactment of 1807, *is* understood by us to be in substance, the same as the English act of Parliament, usually known as the statute of Westminster the second; and also, that it is understood to prevail in other States where similar decisions have been had. Den v. Hall, 1 Hayw. 72; Serba v. Deanes, 1 Brock. 166.

We do not care to dismiss this case without observing that we have merely responded to the question agreed on by the parties, but we do not see how that question could arise on executions against an administrator. That, however, is not a matter of examination on this record.

Let the judgment be affirmed.