WALLACE & CO. ET AL. v. J. K. P. CAMPBELL AND WIFE.

(Case No. 906.)

1. PURCHASER — COMMUNITY PROPERTY. — Land paid for with community property was conveyed to the wife, and the amount paid was by the husband credited on an account due by him to the wife for her separate means, which had been appropriated by him. The intention was to make the land the separate property of the wife, but the deed contained no such recital. In a suit for the land between the wife and the purchaser of the same under execution, in whose favor a judgment had been rendered against the husband, without other notice of the wife's separate estate in the land than such as the deed to her imported, *held* —

　　1. The fact that the deed was made to the wife did not constitute notice that it was her separate property.

　　2. Such a deed cannot have engrafted on it a trust not expressed on its face, to the detriment of an innocent purchaser.

　　3. The rights of the judgment creditor were so fixed by his judgment lien as to support the title derived through subsequent sale under execution, and this, though the judgment creditor was himself the purchaser, and credited the amount of his bid on the execution.

2. CASES APPROVED. — Cooke v. Bremond, 27 Tex., 457; Kirk v. Navigation Co., 49 Tex., 215; Grace v. Wade, 45 Tex., 522, approved.

3. BONA FIDE PURCHASER — LIEN CREDITOR. — A judgment creditor who purchases at execution sale, and has the amount of his bid credited on the execution, may be considered a *bona fide* purchaser; to hold otherwise might often result in the sacrifice of the property and loss of the debt, to the detriment of both debtor and creditor.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines.

The land in controversy in this case was paid for with the community funds of appellees, being paid for out of a mercantile business carried on at the time by J. K. P. Campbell. The deeds were made by Wooldridge & Couch to Ella A., wife of J. K. P. Campbell, and duly registered. Afterwards appellants sued and recovered judgments in the district court of Lamar county against J. K. P. Campbell, upon which executions issued and were levied upon the land in controversy as the property of Campbell, duly advertised and sold by the sheriff, and purchased by the

judgment creditors, they paying the costs in cash, and crediting the balance *pro rata* on their respective executions.

Appellees being in possession of the land, suit was brought to try title. No notice that the land was claimed as the separate property of Mrs. Ella A. Campbell until the day of sale. Appellees claimed that while the land was paid for with community funds, yet these funds were used by J. K. P. Campbell in paying an old debt he owed his wife, Ella A., for money borrowed at various times during and since 1860.

*Hale & Scott*, for appellants.

*Maxey, Lightfoot & Gill*, for appellees.

BONNER, ASSOCIATE JUSTICE.— The deeds to the land in controversy, from Wooldridge and wife and Couch and wife to appellee, Ella A. Campbell, were made during her coverture with the other appellee, J. K. P. Campbell.

They purport to be deeds of sale for a valuable consideration, and are in the ordinary form of deeds to community property when taken in the name of the husband. The testimony shows that the consideration paid was community property, and that it was by the husband credited upon an account due by him to the wife for her separate means used by him; and that the land was intended to be her separate property, but that there was no recital to that effect in the deeds.

There was no notice to appellants, Wallace & Co., at the date of the rendition of their judgment against the husband, that the land was the separate property of the wife, further than that contained by the record of the deeds, though notice of her claim was given at the sale.

The question in the case is this: Did the execution sale, under the lien of the judgment and levy of the execution,

pass title to the lands into Wallace & Co., superior to that of the wife, Ella A. Campbell.

It has long been settled by this court, that property acquired during coverture, by purchase or apparent onerous title, whether the conveyance be in the name of the husband or wife, or both, will be presumed to be community property; and that as to *bona fide* purchasers from the husband for a valuable consideration, without notice, this presumption cannot be rebutted by parol evidence that it is the separate property of the wife. Cooke *v.* Bremond, 27 Tex., 457.

A different rule obtains when the question arises between husband and wife, or their representative. Smith *v.* Boquet, 27 Tex., 507; Cooke *v.* Bremond, id., 457.

It has also been decided that the mere fact that such deed is taken in the name of the wife did not constitute notice that it was her separate property, but, on the contrary, authorized the inference that it was community property and subject to sale by the husband. Cooke *v.* Bremond, 27 Tex., 457.

In the subsequent case of Kirk *v.* Navigation Co., in commenting upon that of Cooke *v.* Bremond, it is said that "the decision was not placed upon the ground that it was inadmissible to prove a different consideration than that recited in the deed, but upon the broad ground that the deed could not be modified by evidence, engrafting on it a trust to the detriment of an innocent purchaser." 49 Tex., 215; Veramendi *v.* Hutchins, 48 Tex., 550; French *v.* Strumberg, 52 Tex., 109.

On principle, the same doctrine would apply to a lien creditor.

In Grace *v.* Wade, it is decided that under the terms of our registration laws, a judgment lien against a debtor is superior to the legal title, which had been conveyed by him to a third party, but which had not been recorded, and of which the creditor, at the date his lien

was fixed, did not have actual notice; and further, that this superiority was not affected by the fact that notice of the unrecorded deed may have been given at the sale.   45 Tex., 522, citing McFadden *v.* Worthington, 45 Ill., 362; Guiteau *v.* Wisely, 47 Ill., 433; Guerrant *v.* Anderson, 4 Rand., 208; Daniels *v.* Sorrells, 9 Ala., 436; Pollard *v.* Cocke, 19 Ala., 188; DeVandell *v.* Hamilton, 27 Ala., 156; Fish *v.* Ravesies, 32 Ala., 451; Butler *v.* Maury, 10 Humph., 420; Uhler *v.* Hutchinson, 23 Penn. St., 110; Hulings *v.* Guthrie, 4 Barr, 123; Shepherd *v.* Burkhalter, 13 Ga., 443; Smith *v.* Jordan, 25 Ga., 687.

In the above case of Grace *v.* Wade, the distinction is clearly drawn between a purchaser under a sale by virtue of such lien, even though he may have notice at the date of sale, and that of an ordinary purchaser who is not protected by an antecedent lien.   In the former case, the rights of the purchaser by relation back derive their force from the lien, and hence the question of subsequent notice becomes immaterial; in the latter, this notice destroys his equity.   As said in Guerrant *v.* Anderson, 4 Randolph, 212, in commenting upon a statute similar to ours, "for, though the appellee was a purchaser and not a creditor, and in that character, in an ordinary case, would fall within the provisions of the act in regard to purchasers, yet being a purchaser under a sale in behalf of a creditor, he holds his rights and occupies his place in this controversy; otherwise, the rights of a creditor would be of no avail."

It is analogous to the familiar doctrine, that one who purchases the legal title, even with notice of the superior title in another, will be protected if he claim under a *bona fide* purchaser for value without notice.   1 Story's Eq. Jur., § 409.

As the rights of the creditor are fixed by the lien, this will support the title derived through the subsequent sale, though the judgment creditor himself may have been the

purchaser and have credited the amount of his bid upon the execution.

To deprive him of the right to bid unless at the peril of not being considered a *bona fide* purchaser, simply because he credits his bid upon the execution, would not in such cases be supported by sound reason, and might often end in the sacrifice of the property and loss of the debt, to the detriment of both creditor and debtor.

The rights of Wallace & Co. rest upon being lien creditors, not purchasers, a distinction drawn under our statute in Ayres *v.* Duprey, 27 Tex., 606; and according to the above authorities, under the circumstances presented by the record, these rights are superior to those of Mrs. Campbell.

For the error in not thus deciding, the judgment must be reversed.

As the cause was submitted to the court without the intervention of a jury, this court will here render the judgment which should have been rendered below, and it is accordingly so ordered.

REVERSED AND RENDERED.

[Opinion delivered December 7, 1880.]