## WRIGHT v. CAMPBELL ET UX.

COMMISSION OF APPEALS, AUSTIN TERM, 1882. CONSENT CASE.

*Purchaser—Community property—Sheriff's sale of land conveyed to wife to satisfy judgment against her husband—Cases distinguished.*—This cause, presenting apparently the same questions as those presented in Wallace v. Campbell, 54 Texas, 87, was originally, upon the authority of the latter case, decided in the same way; but, upon rehearing, the opinion in Wallace v. Campbell, *supra,* is dissented from, and this cause reversed and remanded for a new trial. (See opinion, for review of cases cited, in Wallace v. Campbell, as supporting the same.

Opinion by Delaney, J., on motion for rehearing.—When this case was before us upon the former hearing, we reversed it upon the authority of the case of Wallace v. Campbell, 54 Texas, 87.

Counsel have suggested that there is an important difference between the two cases; that in the case of Wallace v. Campbell the land in dispute was purchased with the community property of the husband and wife, while in the case at bar the land was purchased with the separate property of the wife. We were not unmindful of that fact when we rendered the decision. It appears, however, that the case referred to was not decided upon that ground. It seems to proceed upon the ground that the land was conveyed to the wife for a money consideration, and, as there was nothing in the deed to show that it was her separate property, it was liable to sale under an execution against the husband. The learned judge says, in his opinion, " The testimony shows that the consideration paid was community property, and that it was by the husband credited upon an account due by him to the wife for her separate means used by him, and that the land was intended to be her separate property, but there was no recital to that effect in the deeds."

We take occasion to remark that, although we followed the case of Wallace v. Campbell, we entertain doubt of its correctness; and we think it due to ouselves, and to our brethren of the Supreme bench, that we should frankly and courteously give our views upon the subject.

The four leading cases which are cited in the opinion are Cook v. Bremond and Ayers v. Duprey, 37 Texas; Grace v. Wade, 45 Texas, and Kirk v. Navigation Co., 49 Texas. In the case of Cook v. Bremond, the land had been given to the wife by her brother, but the deed expressed a money consideration, and contained nothing to show that the land was the separate property of the wife.

The husband sold the land to Bremond, and after the death of the wife the children brought suit against Bremond to recover it. The court held that, as there was nothing in the deed to give Bremond notice of the claims of the wife, he, as an innocent purchaser without notice, took good title.

The case of Kirk v. Navigation Company, 49 Texas, is exactly similar, except that instead of a purchase from the husband there was a mortgage given by him. A mortgagee, however, has always been treated in equity as a purchaser, and so the two cases may be regarded as identical. It must be observed that in both of these cases the doctrine is laid down in form of a *bona fide* purchaser from the husband. There is nothing said in either case about creditors of the husband, nor any intimation that a creditor of the husband could take the land.

Now, let us suppose in the case first above quoted that Bremond, instead of purchasing directly from the husband, had purchased the same lot at an execution sale under a judgment against the husband. Would he have taken a good title as against the wife or her heirs, if notice of the wife's rights had been given at the sale? Of course we assume that the judgment was rendered in the same county where the land lay, and would have been a lien upon it had it belonged to the husband.

The case of Wallace v. Campbell decides that under these circumstances the purchaser under the execution would take the land, and to sustain this view relies upon the cases of Ayers v. Duprey and Grace v. Wade. But these two cases grew out of a very different state of facts, and they do not seem to us to have any bearing upon the case before us, nor, in our opinion, do they sustain the decision in Wallace v. Campbell.

We need notice only the case of Grace v. Wade, as the discussion there comprehends the whole question. Grace had bought at an execution sale. The plaintiff claimed under an unrecorded bond from the defendant in the execution, made before the judgment was rendered. Grace set up his deed and alleged that "at the time of the issuance and levy of said execution, as aforesaid, the plaintiffs therein had received no notice, actual or constructive, of the title bond." The plaintiff excepted, because he had not alleged that he (the defendant) had no notice when he purchased. The court held that whether Grace had notice at the time of his purchase was a matter of no consequence; that the creditor having acquired a lien,

by the levy of his execution, and having no notice of the deed at that time, was entitled to have the land sold, and to purchase at his own sale; and, further, that a purchaser at that sale, even with notice, would be subrogated to the rights of the creditor and to the land.

In this case Grace could not claim as an innocent purchaser, because he had notice at the sale. If, however, no notice had been given at the sale, and he had acquired none otherwise, he might perhaps have claimed as an innocent purchaser for value and without notice, as against the unrecorded deed. But it should borne in mind that all this is contrary to the course of the common law, and is so only because of our recording acts. Under the common law the purchaser at a sheriff's sale took only such rights as the execution debtor had in the land.

*Caveat emptor* was its constant admonition to those who bought at sales by the sheriff. In the opinion in the case of Grace v. Wade, Justice Moore says: " It is well settled that the lien acquired by a judgment or levy of an execution by the common law extends to and binds only such title or interest as the debtor had in the land at the date of the judgment or levy of the execution under which the lien is claimed; and that the equitable rights of third persons will be upheld against the legal lien of the creditor.

For this he cites Blankenship v. Doulgass, 26 Texas, 225. The last sentence of the opinion in the case of Grace v. Wade, is in these words: "We also cordially approve and reaffirm the decision in Blankenship v. Douglass, to the effect that the judgment lien on land of the debtor extends to and binds only such estate as the debtor has when the lien attaches, except as this doctrine is qualified by the registration laws *prescribing the effect of unrecorded conveyances and mortgages upon the rights of creditors and purchasers.*"

Here then, we have the unqualified announcement that the common law rule is still in force in all cases except the case of unrecorded conveyances. Turning to the case of Blankenship v. Douglass, we find the rule laid down as follows: " A resulting trust is beyond the contemplation of our statutes of registration respecting the rights of creditors, and will be protected against the legal lien of a judgment creditor or his assignees, although they had no notice of the trust, as they are not in this respect, entitled to the preferences our prior equities accorded to *bona fide* purchasers for valuable consideration without notice." If A purchase land with the

funds of B, and take the title in his own name, a trust of the land results to B. And though a purchaser from A without notice of the trust will take the land discharged of the trust, yet the creditors of A have no right to, or interest in the land. And, as the case does not come within the operation of the registration laws, if the land were levied on and sold as the property of A, and notice of the trust were given at the sale, a purchaser would take the land subject to the trust. In the case just put, suppose A to be the husband and B the wife; is the result changed? Or returning to the case of Cook v. Bremond, suppose that Bremond, instead of purchasing directly from Cook, had bought the same land under an execution against Cook, with notice of the wife's equity given at the sale. Would he have taken the title? If so, by virtue of what law does he take it? The registration laws have no operation in the case. If, under these circumstances, the land of the wife can be taken for the debt of the husband, she is practically placed under the ban of the law, and equities which are accorded to all others are denied to her.

The presumption that the land conveyed is community property is certainly not stronger than the presumption that land conveyed to A is the property of A. Yet, in the latter case, a trust in favor of B will defeat the creditors of A; at least it will do so in every case except the case in which B is the wife of A.

In the case of Wallace v. Campbell, the plaintiff claimed as a judgment creditor of the husband. So also, the plaintiff in the present case is compelled to claim as a judgment creditor. For he cannot claim as an innocent purchaser, having had notice at the sale of the wife's equities. He is driven, therefore, to shelter himself under the rights of the creditor. And this he must do by virtue of the registration laws, which, as we have seen, have no application to the case.

Our own opinion is, that the judgment ought to be affirmed; but we reverse it in deference to the opinion of the Supreme Court. Upon the former hearing, our avowal was, that the judgment be reversed, and such judgment be rendered by the Supreme Court as should have been rendered by the court below. We are satisfied, however, that that award was in part incorrect, and that it should have been that the judgment below be reversed and the cause remanded for a new trial, and we now so award.