James B. Smith, plaintiff in error, vs. Willoughby Jordan, defendant in error.

A. made a mortgage to B., which was not recorded until after the three months had elapsed. Before foreclosure, C. obtained a general judgment against A., the *fi. fa.* from which was levied on the mortgaged property. At the sale under this levy, notice of the mortgage was given to the purchaser.

*Held,* That as the judgment creditor, had gained a priority over the mortgagee, the purchaser purchased free from the encumbrance of the mortgage, notwithstanding the notice.

Claim, from Randolph county. Tried before Judge Kiddoo, November adjourned Term, 1858.

John H. Jones executed and delivered to Willoughby Jordan, a mortgage upon a certain negro slave Jim, on the 7th day of October, 1851, which was recorded in the Clerk's office, on the 21st day of January, 1852.

David Biggerstaff obtained a judgment against said John

H. Jones, on the 18th day of September, 1852, upon which execution issued and was in January 1854, levied upon the said negro slave mentioned in the said mortgage, and the Sheriff, on the first Tuesday in March following, exposed the said negro to public sale at the usual place in said county, by virtue of said levy. Public notice was given of the existence of the mortgage, and the purchaser required to give bond and security for the forth-coming of the negro, to answer to the same. James B. Smith was the highest bidder, the boy was knocked off to him at the price of $416; Smith paid the money, and the negro was delivered to him.

Willoughby Jordan foreclosed his mortgage, upon which execution issued, dated 27th day of June, 1854, which was levied upon the negro slave Jim, and James B. Smith claimed him as his property.

Upon the trial of the case, after the above facts had appeared, the counsel for claimant requested the Court to charge the jury:

That although the mortgage may be older than the judgment under which the negro was sold, still if the mortgage was not recorded within three months from the date of its execution, and the judgment was obtained before the foreclosure of the mortgage, the lien of the judgment on said negro took precedence over said mortgage, and that the purchaser of said mortgaged property at Sheriff's sale, by virtue of a *fieri facias* issued upon said judgment, would obtain a good title to the same in exclusion of the lien of the mortgage.

Which charge the Court refused to give, and charged, that such would be the law, provided the purchaser did *not have actual notice* of the existence of the mortgage at the time of the sale; but if he did have such actual notice at the time, the property would still be subject to the same.

To which said refusal to charge, and the charge as given, the claimant excepted and assigns error.

The jury found the property subject to the mortgage *fi. fa.*

H. C. PERKINS, for plaintiff in error.

HOOD & ROBINSON, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

If *Shepherd vs. Burkhalter,* 13 *Ga. R.* 443, be right, both the charge, and the refusal to charge, were wrong. We see no reason to doubt that case. It is the right of the judgment *creditor*, to sell whatever his judgment binds. This right would be impaired, if *purchasers* were not allowed a corresponding right to buy. This corresponding right to buy, purchasers would not have, if they were liable to be affected by a notice of other liens or claims inferior to the judgment.

For the sake then, of the *creditor*, not of the *purchaser*, a notice to the purchaser in such a case as the present, can be of no effect.

Judgment reversed and a new trial ordered.