## L. ORME AND WIFE V. H. ROBERTS AND ANOTHER.

1. In this case the court cites and approves the rulings in Briscoe v. Bron-augh (1 Texas, 326) relating to the vendor's lien, constructive notice and *lis pendens*.

2. A purchaser of land at sheriff's sale, who bought for the purpose of securing a pre-existing judgment in his own favor, and who paid for the land by a credit of his bid upon his judgment, is not a *bona fide* purchaser for value, in legal contemplation, inasmuch as he parts with no consideration on the faith of his purchase. Blankenship v. Douglas (26 Texas, 225) and Ayres v. Duprey (27 Texas, 594) cited and approved in this connection.

3. The fact that such a purchaser had not, at the time his judgment was obtained, any notice, actual or constructive, that his debtor had not paid for the land, will not, it seems, enable him to resist the enforcement of the vendor's lien against the land ; and this, notwithstanding that the holder of the lien had made an absolute conveyance of the land in fee to the judgment debtor, without reservation of his lien. But it is to be noted that suit for enforcement of the lien was pending at the time the execution sale was made, and actual notice of the lien was given on the day of sale.

APPEAL from Bowie. Tried below before the Hon. A. H. Latimer.

This was a suit instituted in January, 1867, by the appellants against Henry Roberts, to recover some thirty-one hundred dollars and interest, alleged to be due from the defendant, by a note given in 1865, for the purchase money of a tract of land bought by him in 1857, from the plaintiffs. An enforcement of the vendor's lien was prayed for.

At the Fall term, 1868, W. E. Massenberg, one of the appellees, intervened in the suit, alleging that he was the owner of the land by purchase at execution sale made on the first Tuesday in July, 1868, by virtue of a judgment recovered in the fall of 1866 by Norwood & Massenberg against the defendant Roberts.

The intervenor prayed to be quieted in his title as against the plaintiffs.

The land in question was conveyed by the plaintiffs to Roberts in December, 1857, by a deed absolute upon its face. The other facts of the case deemed material by this court are stated in the opinion.

The judgment below was in favor of the intervenor so far as the land was concerned; but a personal judgment against Roberts was rendered in favor of the plaintiffs. They appealed in consequence of the denial by the court of the lien claimed by them.

It may be remarked that the suit was brought by Orme and wife for the use of Talbot, Patton & Co.

*B. W. Gray* and *Moore & Shelley*, for the appellants.

*W. B. Wright*, for Massenberg.—The attention of the court is especially invited to the case of Ayres v. Duprey, (27 Texas R., p. 605,) in which the court, in an able and close analysis of our registration laws, say that they not only protect innocent purchasers at execution sales, but also special lien creditors. (See also Paschal's Digest, p. 834, Art. 4983, and p. 836, Art. 4988.)

The statement of facts shows that at the time that the judgment lien of Norwood and Massenberg attached to the tract of land they had no notice, either actual or constructive, that Loyd Orme or Talbot, Patton & Co. had any lien whatever upon said tract of land in controversy; and the lien thus attaching was superior to the lien set up by appellants afterwards; and Massenberg purchasing under this lien has of course a superior title to the land, so far as appellants are concerned. (See 2 vol. Story's Equity Juris., § 1217; McAlpine et al. v. Burnett et al., 23 vol. Texas R., p. 649.)

Loyd Orme and wife, when they sold the tract of land to Henry Roberts, in 1856 or 1857, executed to them a clear deed, acknowledging in full the payment of the purchase money, and said

XXXIII—49

deed was shortly afterwards recorded in Bowie county in the proper office.

Now, suppose that instead of Norwood & Massenberg having taken a judgment lien in October, 1866, they had taken a mortgage from Roberts to secure their debt on the tract of land in controversy, and in order to find out whether or not Roberts had paid for the land, they had examined the county records and discovered by the face of the deed that the purchase money had been paid in full, or acknowledged to have been paid by Roberts, and up to that time they have had no actual notice to the contrary, who ought to suffer or lose? Who was it that caused the injury? Why, Loyd Orme and wife; and as Talbot, Patton & Co. " stand in the shoes " of Loyd Orme and wife, they must lose. Because the judgment lien of Norwood & Massenberg is but a legal mortgage on all the real estate belonging to Roberts situated in the county of Bowie. (See 1 vol. Story's Equity Juris., 3 ed., § 390.)

The appellants no doubt will argue that on the day that the sale was made under the execution to Massenberg, that one of the appellants gave notice to Massenberg of their vendor's lien, as they claim it, but this did not affect Massenberg, as the lien under which he claimed the property related back to the date of the recording of the judgment of Norwood & Massenberg. In other words, Massenberg does not claim the land as an innocent purchaser for a valuable consideration, but as purchaser under a judgment lien which dates back to the recording of said judgment, and not from the date of purchase.

Even as between Henry Roberts and appellants, it is doubtful whether or not they would be entitled to a judgment enforcing the lien as claimed on the tract of land, under the proof made. (See Murray v. Land, 27 vol. Tex. Reps., p. 89; Harris v. Crittenden, 25 vol. Tex. Reps., p. 325.)

Our registration laws mean something or they mean nothing.

If they mean anything, when they say that " no deed, conveyance, lien, or other instrument of writing shall take effect, as regards the interests and rights of third parties, until the same shall have been duly proven and presented to the court as required by this act, for recording of land titles; and it shall be the duty of the clerk to note particularly the time when such deed, conveyance, lien, or other instrument, is presented, and to record them in the order in which they are presented. (See Pas. Dig., p. 834, Art. 4983.) Then the appellants in this case have no cause to complain of the judgment of the court below, from the fact that their lien was not recorded, either by the recitals in the deed from Orme and wife or otherwise, nor did Massenberg have any notice that a note executed in May or November, 1865, retained a lien on a tract of land sold in the year 1856 or 1857, and acknowledging in the face of the conveyance payment in full of the purchase money.

Our registration statutes differ very materially from the registration statutes of other States of the Union, in including creditors as well as subsequent purchasers for valuable consideration without notice. (See Pas. Dig., p. 836, Art. 4988.)

Then, as Norwood & Massenberg became special lien creditors by virtue of their judgment rendered in September, 1866, and recorded in October, 1866, without any notice whatever of any lien against the tract of land in controversy, the judgment of the court below is correct.

WALKER, J.—In Briscoe against Bronaugh, 1 Texas 326, it was held as follows:

" It is a doctrine of the civil law, and of the equity jurisprudence of the United States and England, that a vendor has a lien upon the thing sold for the purchase money, without any special agreement for that purpose.

" The vendee holds in trust for the vendor until the purchase

money is paid, and this trust attaches to the land or thing sold, and follows it into the hands of subsequent purchasers with notice. This equitable mortgage exists in every case of sale where the money is not paid, unless otherwise agreed by the parties. *Prima facie* the lien exists, and it lies on the purchaser to show that the vendor agreed to waive it.

"Registration acts do not embrace equitable liens not evidenced by writing.

"It is a general rule that whatever is sufficient to put the party upon inquiry amounts, in judgment of law, to notice. *Lis pendens* is constructive notice. A sale *pendente lite* is a nullity, as against the plaintiff in the suit."

In Blankenship against Douglass, 26 Texas Reports, the court hold as follows: "It seems to be well settled that a judgment lien on the land of a debtor is subject to every equity which existed against the land in the hands of the judgment debtor at the time of the rendition of the judgment; and that courts of equity will protect such equities against the legal lien, and will limit that lien to the actual interest which the judgment debtor has in the estate. The above doctrine is qualified by the registration laws of particular States, prescribing the effect of unrecorded conveyances and mortgages upon the rights of purchasers and creditors.

"A resulting trust is beyond the contemplation of our statutes of registration, respecting the rights of creditors, and will be protected against the legal lien of a judgment creditor or his assignees, although they had no notice of the trust; as they are not in this respect entitled to the preference over prior equities accorded to *bona fide* purchasers for valuable consideration without notice.

"A purchaser at sheriff's sale under execution, who at the time of the sale had notice of outstanding equities which existed against the property at the time the judgment was rendered, takes the property subject to such equities, and acquires only such rights as the defendant in execution possessed.

"The opinion is intimated but not authoritatively expressed, that a purchaser at sheriff's sale under execution, without either actual or constructive notice of an unregistered deed or subsisting equity outstanding against the property, would take the property discharged of all claims arising under such deed or equity."

The case of Ayres against Duprey, reported in 27 Texas, 593, is quoted by defendant in error; but he certainly has misconceived the authority of the case, as it bears strongly against him. The court there hold the following language : "A subsequent purchaser having notice of a prior unrecorded deed, can claim no benefit from the omission to record it.

"To constitute a person a *bona fide* purchaser within the meaning of the statute, he must, upon the faith of the purchase of the property, have advanced for it a valuable consideration. If he was a creditor antecedent to his purchase, and paid for the purchase by a credit on his demand, then, inasmuch as he has parted with no consideration on the faith of the purchase, he is not a *bona fide* purchaser within the meaning of the statute."

These principles are familiar to the law as laid down in the different States of the Union. In Ohio it has been held, in a well considered case, that the vendor of land, by taking a mortgage upon the land sold to secure the payment of the purchase money, does not extinguish his prior equitable lien ; and the lien of a judgment creditor, obtained between the date of the mortgage and the time when it is recorded, will be postponed to the vendor's lien. (Boas v. Erving, 17 Ohio Reports, page 500.) The pleadings and facts show that this suit is brought by Orme and wife against Roberts on a note given for the purchase, in part, of the land in controversy. W. E. Massenberg, intervenor, sets up that he is the owner of the land by purchase at sheriff's sale; he bought the land at sheriff's sale to secure a pre-existing judgment in his own favor, and is not therefore a *bona fide* purchaser in the eye of the law.

On the day of sale, positive and direct notice was brought home to him of the plaintiff's equitable lien on the land; his title must therefore be postponed to the equitable lien of the plaintiffs.

The parties having waived a jury below, this court will render a judgment in favor of the plaintiffs for the amount which may be found due them as purchase money of the land, with ten per cent. interest from the date of judgment until paid, with an order of sale of the premises covered by the vendor's lien; and the cause is remanded to the district court to carry this decree into execution.

Rendered and remanded.