VIRGINIA E. PRICE v. JAMES COLE AND ANOTHER.

1 In an agreed case, prepared under Article 1516, Paschal's Digest, the agreement of the parties comprised only the pleadings and proofs in the district court, and did not include the charge to the jury, nor the verdict and judgment. The appellee moves this court to strike out of the record the charge to the jury, because it was not included in the agreed case. But the motion is overruled, for the reason that this court considers that the charge may conduce to the proper understanding of the cause.

2. This court has already decided that Article 4985 of Paschal's Digest, respecting mortgage liens, was repealed and superceded by Articles 4986 and 4988. (Gregg v. Gregg, 33 Texas, 462, cited with approval.)

3. In 1856, P. executed to his wife his note and mortgage for her separate money loaned him by her. The mortgage was not recorded until early on the sale day, of October, 1868; on which day the land mortgaged was sold under execution against P., issued on a judgment rendered in 1865. The mortgage was filed for record before the hour of sale, and the wife of P. attended the sale and gave public notice of the existence, record, and nature of her mortgage. *Held*, that a person purchasing the land with such notice held it subject to the lien of the mortgage; and it was error to concede to him the character and rights of a *bona fide* purchaser without notice.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

The opinion of the court states all the material facts. Gay's judgment was recorded in February, 1866.

In this court, counsel for Cole, the intervenor and one of the appellees, moved the court to strike out the charge of the court below to the jury, on the ground that it was not comprised within the agreed case, and

consequently was not properly part of the record. This motion was overruled in the following opinion :

OGDEN, J.—The agreement in this cause appears to have especial reference to the pleadings of the parties and the statement of facts. It does not include the charge of the court, the verdict of the jury, or the judgment thereon. The record contains the judgment of the court, which recites the verdict. But it fails to show the charge of the court given, or those refused, which we consider material to the proper understanding of the cause. The motion, therefore, to strike out is overruled. But a *certiorari* to bring up the entire record may be had by either party, if it should be desired.

*Hancock & West*, for the appellant, on the subjects of the mortgage lien and *bona fide* purchaser, cited Gregg v. Gregg, 33 Texas, 462 ; Orme v. Roberts, 33 Texas, 768 ; Blankenship v. Douglas, 26 Texas, 226 ; Ayres v. Duprey, 27 Texas, 593 ; and Fisk v. Wilson, 15 Texas, 432. They insisted that the rights of a married woman cannot be prejudiced by a failure to have her deed recorded, and cited Park v. Willard, 1 Texas, 350 ; Edrington v. Mayfield, 5 Texas, 363 ; Gamble v. Dabney, 20 Texas, 76 ; Warren v. Dickerson, 3 Texas, 462 ; Higgins v. Johnson, 20 Texas, 389 ; and Paschal's Digest, Article 4642, and Note.

*J. R. Burns*, also for the appellant, cited, on the same questions, Thomas v. Kennedy, 24 Iowa, 406; Welton v. Tizzard, 15 Iowa, 495 ; Norton v. Williams, 9 Iowa, 528 ; 3 Abbott's National Digest, 297 and 342.

*Timmons & Brown*, for appellee Cole.—The effect of the amendment (Art. 4986, Pas. Dig.) to the original

statute (Art. 4985) is to make a mortgage valid between the parties thereto, though not recorded at all; but so far as the rights of third parties are concerned, the original statute is left intact, and mortgages are still void as to them unless recorded within ninety days. This, in the case of Gregg v. Gregg, opinion by Justice Denison, was held to be the effect of this amendment. But so much of the opinion as holds that Article 4985 "was repealed by the fourth section (Art. 4988 Pas. Dig.) of the act concerning conveyances," we suggest, with all due deference, cannot be held as binding by this court, for to do so would violate the commonest rules for the interpretation of the legislative intent. It is an undisputed proposition that, where there is a general law upon a class of subjects, and a special law upon a special subject, and one conflicts with the other, the special law shall prevail.

Article 4988 is the fourth section of a general law on conveyances, containing many provisions upon a variety of subjects, the caption of which law and some of its provisions being found from Article 997 to 1002, Paschal's Digest. Articles 4985 and 4986 are special laws upon the subject. of mortgages. (But see Weed v. Lyon, Harring., Mich., Ch, 363.)

" In the construction of acts of the same session, the rule is that the whole must be taken as one act; and to make a latter provision repeal a former, there must be an express repeal, or an irreconcilable repugnancy." (Cain v. The State, 20 Texas, 355, question fully discussed.)

The general law on conveyances, of which section four (Art. 4988) is a part, was passed February 5, 1840, and took effect the sixteenth of March following; while Article 4986 was passed the same day, and took effect from passage, and may have been the subsequent act

in point of time. But on the principle laid down in Cain v. The State, the general law and special amendment are to be construed together; and it is clear the Legislature, far from repealing Article 4985, did, on February 5, 1840, expressly recognize and amend it. To hold otherwise is to suppose the Legislature guilty of the absurdity of amending Article 4985 by 4986, on February 5, 1840, which latter took effect from passage, and on the same day impliedly repealing Article 4985 by a provision of Article 4988, which did not take effect till March 16; thus leaving Article 4985, as amended by Article 4986, in force from February 5 to March 16, and that the Legislature on the same day impliedly repealed an act it had expressly amended. Is it not a more logical and legal construction to hold that "mortgages" were mentioned in Article 4988, among many other things, by an oversight, and that Article 4985, as amended by Article 4986, is the law of this State on the subject of the record of mortgages? We think our view of the law is strengthened by the fact that nearly every State in the Union has a special law upon the registration of mortgages.

In Orme v. Roberts, and Blankenship v. Douglas, the principle laid down is, that courts will protect equitable interests in land, not evidenced by writing, against the mere legal lien of a judgment creditor, when not prevented from doing so by the terms of the registration laws of this State; and that as resulting trusts and vendors' liens are not mentioned in said laws, they are excepted out of them. But as the appellant's mortgage for borrowed money is not "an equitable lien, not evidenced by writing," nor a resulting trust, nor excepted out of the registration laws, but specifically named therein, we are at loss to perceive any analogy between the cases cited and the one now before the court.

Appellant's mortgage was but an incident to the debt, and her lien a legal one, and not equitable. She had no ownership or estate in the land, as no such thing as a strict foreclosure is known in this State. (Duty v. Graham, 12 Texas, 427, subject fully discussed.) She could sue on the debt and sell the land. (Art. 1479, Pas. Dig.) The mortgage of Mrs. Price was but a mere security for the payment of money (Duty v. Graham, 12 Texas, 427), which her husband gave her; and the lien of the judgment was a mere security for the payment of money, which the law gave the creditor Gay. The lien of the judgment attached February 2, 1866, when the creditor Gay, in compliance with the statute then in force (Art. 3963, Pas. Dig.), filed for record the certified copy of his judgment; and the lien of the creditor, Mrs. Price, attached when her mortgage was filed for record at 10 o'clock on the morning of the sale day, the first of October, 1868. As securities for the payment of money, the two liens stand on an equal footing, and the one first recorded became the superior one; for it is nowhere pretended the creditor Gay had any notice of the unrecorded mortgage previous to its being filed on the day of sale.

Where the judgment creditor has no notice of an unrecorded mortgage, when the judgment lien attaches, the subsequent record of the mortgage and notice at the sale does not bind the land in the hands of the purchaser. The creditor has the right to sell, and the purchaser to buy, and he takes the land discharged of and free from any incumbrance of the mortgage. (Uhler v. Hutchinson, 23 Penn., 110; Huling v. Guthrie, 4 Penn., 123; Shepherd v. Burkhotten, 13 Georgia, 443; Smith v. Jordan, 25 Georgia, 647.)

The proposition "that a married woman's rights cannot be defeated by a failure to have her deed recorded,"

30—XXXV

and the cases cited, seem to us to have no bearing upon the principal case, though this may be from the want of proper discrimination on our part. The foregoing rule is announced in suits which arose from controversies about personal property, under circumstances impossible to exist with real property. The principle decided in Parks v. Willard, 1 Texas, 350, and Warren v. Dickerson, 3 Texas, 460, is, that where the wife's title to personal property is valid, and acquired before removal to another State, that the failure to give notice of title at her new domicile does not prejudice her rights. In Edrington v. Mayfield, 5 Texas, 363, it is held that a failure to return a schedule of separate property under the statute (Art. 4996, Paschal's Digest, and see note 1098), does not prejudice the wife's rights. The other cases cited are irrelevant.

In this suit there is no question about the separate property of the wife. The land sold was her husband's. Our registration laws (Arts. 4985–6 and 4988, Paschal's Digest) make no exceptions in favor of married women. The money of married women is often loaned on mortgages, but we are not aware of any statute, or decision of this court, which makes a distinction between married women who go into the money lending business, and other citizens of our State who lend money on mortgages.

*Walton & Green*, also for appellee Cole.—These counsel, in conjunction with Messrs. Timmons & Brown, applied for a rehearing. In view of the importance of the questions, the following portion of their argument is inserted :

We feel satisfied that your honors will recede from the opinion of the law just announced in this case, upon a re-examination of the law of our statute, and the au-

thorities. In the opinion just given by this court, the following language occurs, viz.: "This court held in Gregg v. Gregg (Tyler Term, 1869), that Article 4985 was repealed and suspended by Articles 4986 and 4988, Paschal's Digest." But it will be seen that there is no claim anywhere that Article 4988 has ever been repealed; and it is under this and Article 4994, Paschal's Digest, that Cole is asserting his rights in this case as a creditor, representing Gay, and not as a purchaser.

The court, in its opinion, cites Orme v. Roberts, 33 Texas, 768; Blankenship v. Douglas, 26 Texas, 226; Ayers v. Duprey, 27 Texas, 593; and Fisk v. Wilson, 15 Texas, 432, as authorities for its opinion. Let us examine them. In Blankenship v. Douglas, 26 Texas, on page 228, occurs the following language, viz. : "It seems to be well settled that a judgment lien on the land of a debtor is subject to every equity which existed against the land in the hands of the judgment debtor at the time of the rendition of the judgment. And courts of equity, it is said, will protect the equitable rights of third persons against the legal lien, and will limit that lien to the actual interest which the judgment debtor has in the estate." These two rules are very strong law, and, if in force in Texas, they are conclusive against Cole's rights. But if the case just cited from, is authority for the rules quoted, it ought, we think, to be held as equally binding authority for the following rule, which occurs in the next breath: "This doctrine is qualified by the registration laws of particular States, prescribing the effect of unrecorded conveyances and mortgages upon the rights of purchasers and creditors; and although in the present instance, the lien of the judgment recovered by Mullins would prevail over the unregistered deed executed by J. J. Blankenship to David Blankenship,   *  *  *

unless it were shown that Mullins had 'actual notice or reasonable information' of said deed, this is so only by virtue of our statute of the fifth of February, A. D. 1841." (Oldham & White, Art. 1731.)

That this is so only by virtue of the statute, is all that we have ever contended for; and if it is so by virtue of the statute, it is enough. In Paschal's Digest, Article 4988, occurs this language, viz. : "All bargains, sales and other conveyances,   *   *   *   and all other deeds of trust and mortgages whatsoever, which shall hereafter be made and executed, shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved, and lodged with the clerk to be recorded according to the provisions of this act." Article 4994, Paschal's Digest, reads to the same effect as the one just quoted.   Will the court please read it?

If the statute is to be regarded, it is unequivocal in its provisions; and in the present case makes Gay's judgment lien recorded on the second day of February, 1866, superior to Mrs. Price's unrecorded mortgage lien, and under that superior judgment lien of Gay's, the land was sold, and Cole purchased whatever were Gay's rights. We will here remark that the court in the case of Blankenship v. Douglas, put its decision on the ground that a resulting trust is not within the contemplation of our registration laws, and therefore the common law rule without any statutory modification would prevail in that case, the equity to be protected being a "resulting trust." The same remark is virtually true of Fisk v. Wilson. And the equity protected in Orme v. Roberts, is a vendor's lien ; and in all of these cases the court has put its decision on the ground, and on no other, that these equities, vendor's liens and resulting trusts, do not have to be recorded.

But a mortgage does have to be recorded by name in our statute.

In Ayres v. Duprey, 27 Texas R., near the bottom of page 606, the following is the language of Judge Moore, giving the opinion of the court, viz. : "But, as has already been said, creditors as well as purchasers are within the protection of our statute, and although Ayres may not be able to claim its protection in the latter character, he may probably be able to do so in the former. His right to do so depends upon the fact, whether he had notice of the unrecorded deed from the defendant in execution prior to the time when he can claim his right became fixed, to call the statute to his aid for his security as a creditor."

The court could not have said differently as long as Articles 4988 and 4994 of Paschal's Digest remained unrepealed on the statute book. The court then goes on in the case last quoted from, and shows that it is only such creditors as have acquired some character of lien on lands of the debtor that are entitled to the protection afforded by the statute. Of that class, strictly, was Gay, under whom Cole claims. He was a creditor of Price's, with a judgment lien on this tract of land, which he had obtained without either actual or constructive notice of Mrs. Price's unrecorded mortgage.

Now, the fact that Mrs. Price placed her mortgage on record before the sale took place, and gave notice of it at the sale to the bidders, does not affect the case. It is as a creditor, *i. e.* through a creditor, that Cole claims the land, and not as a *bona fide* purchaser for valuable consideration, and without notice. So Mrs. Price's notice at the sale was idle. The time for her to have given that notice, so as to prevent the judgment liens being superior to her mortgage lien (it being unrecorded), was when Gay was having his judgment lien

fixed by having it recorded in 1866, and not in 1868, at the sale under the judgment superior lien. (See Ayres v. Duprey, 27 Texas R., at bottom of page 606, where the distinction is broadly and clearly made between creditors and subsequent purchasers without notice.) It is in the former, and not in the latter character that Cole claims. We respectfully submit, that the court that tried this cause below never intimated that Cole was claiming as a purchaser without notice, nor did his counsel ever make such a claim for him, either in the court below or in this court.

From the case of Bennett v. Cocks, 15 Texas R., 67, upon careful examination, the conclusion is irresistible that the lien of the levy would have prevailed over the unregistered deed, had it not been clear, that from the circumstances in the case, the creditor must have had notice of the claimants' claim to the property before the lien of his levy attached.

The following cases are decided in other States on statutes similar to our own, in accordance with the view we have just expressed: Uhler v. Hutchinson, 23 Penn., 110; Huling v. Guthrie, 4 Penn. (4 Barr. Rep.), 123; Shepherd v. Burkhotten, 13 Georgia R., 443; Smith v. Jordan, 25 Georgia R., 647; Douglass v. Morford, 8 Yerger (Tenn. R.), 373; Washington's Lessee v. Trousdale, etc., Martin & Yerger's Reports, 385; Miller v. Estill, 8 Yerger, 452.

WALKER, J.—In the year 1856, the plaintiff and defendant being man and wife, the defendant made and delivered to his wife his promissory note for the sum of $1800, to secure the payment of which, he, at the same time, executed a mortgage upon four hundred and fifty acres of land, situated in the county of Fayette. The mortgage was not recorded until the first Tuesday of October, 1868, on which day the lands described in the

mortgage were sold upon execution, to satisfy a judgment rendered at the November term, 1865, in favor of one J. H. Gay against L. F. Price, the appellee. The mortgage was recorded before the hour of sale, and the appellant gave personal notice to Cole, the purchaser, of the existence, record and nature of her mortgage. The property was purchased by Cole for the sum of $900, with actual notice of the plaintiff's claim.

The plaintiff, Mrs. Price, brings this suit to the Spring term of the district court, for the year 1869, the object of which is to foreclose her mortgage. Cole, the intervenor, claims the land by virtue of his purchase at the sheriff's sale. The district court rendered a judgment in favor of Cole, postponing the lien of the mortgage to that of the purchaser at sheriff's sale, and virtually declaring the mortgage void.

The court misconceived the law of the case, and misdirected the jury, taking article 4985, Paschal's Digest as the law governing the case. This court has held, in Gregg v. Gregg, Tyler Term, 1869 (33 Texas, 462), that Article 4985 was repealed and superceded by Articles 4986 and 4988, Paschal's Digest.

The district court appears to have regarded Cole as an innocent purchaser without notice, notwithstanding the proof of express notice on the day of sale, and before the sale took place. Reference to the following cases will show conclusively that the law of the case is with the appellant: Orme v. Roberts, 33 Texas, 768; Blankenship v. Douglas, 26 Texas, 226; Ayres v. Duprey, 27 Texas, 593; Fisk v. Wilson, 15 Texas, 432.

The law requires that the judgment of the district court should be reversed, and the appellant have her judgment for the amount due upon her note, to be found by the clerk of this court, and an order foreclosing her mortgage.

REVERSED AND RENDERED.