HENRY W. FARLEY ET AL. v. JNO. A. McALISTER ET AL.

1. A judgment creditor takes no lien by the judgment upon lands sold by the defendant before judgment, even if the deed be unregistered and the creditor have no notice of such deed at the rendition of the judgment.

2. The judgment creditor has no greater right in an action to set aside such

unrecorded deed than he would have, had he caused the land to be sold under execution and purchased it.

3. The judgment creditor in such case has parted with no money or consideration, and so cannot be considered a *bona fide* purchaser for value.

APPEAL from De Witt. Tried below before the Hon. D. D. Claiborne.

*H. Clay Pleasants*, for appellants, cited 31 Texas, 350, Barrett v. Barrett; 27 Texas, 606, Ayers v. Dupree; 29 Texas, 221, Hawley v. Bullock; 26 Texas, 226, Blankenship v. Douglas.

*Phillips, Lackey & Stayton*, for appellees.

WALKER, J.—This is a suit between certain judgment creditors of Alexander McAlister and John McAlister, in which the judgment creditors seek to set aside a deed for five hundred and fifty acres of land sold and deeded by Alexander to John McAlister before the rendition of the judgments. It does not appear that these judgment debts were contracted until after the making of the deed.

This deed appears to have been left in the proper office either for record or some other purpose which does not distinctly appear at the time of its execution. If left for the purpose of record, it became notice to all subsequent purchasers and lien holders.

But these judgment creditors do not stand upon any better equities than if they had sold the land and purchased it in for their judgments. They have paid nothing for this land, they have parted with no pecuniary consideration, and therefore are not entitled to priority as *bona fide* purchasers for a valuable consideration, without notice. (Ayres v. Dupree, 27 Texas, 593; Orme v. Roberts, 33 Texas, 772; Rogers v. Burchard, 34 Texas, 452, and subsequent cases.)

The statute protecting creditors against prior unre-

·corded conveyances cannot mean to place a judgment creditor in any better position when he obtains his judgment than he is in after the land has been sold and he buys it in on his judgment. Such an interpretation of :the law would have no foundation in reason or justice to :stand on.

Very many authorities may be cited in support of this doctrine : Jackson v. Tom., 4 Cowen, 599; Jackson v. .Post, 9 Cowen, 120; 15 Wend., 588; Coleman v. Cook, 6 Randolph, 618; Ash v. Livingstone, 2 Bay, 80 ; Massey v. McIlvane, 2 Hill, 426; Orth v. Jennings, 8 Black., 420; Jackson v. Dubois, 4 Johnson, 216; Cover v. Black, 1 Barr, 493; Rogers v. Gibson, 4 Yates, 111; Heister v. Fortner, 1 Binney, 40.

These authorities settle the question involved in this case.

We think the judgment of the court is correct, and is ·therefore affirmed. ˒ ˳

AFFIRMED.