CHARLES D. GRACE v. WADE & MAINS.

1. LIEN BY JUDGMENT AND LEVY OF EXECUTION.—The lien of the judgment creditor who, without notice, has caused a levy to be made upon land under his judgment, under an execution directed to another county, is superior to the unrecorded deed of a vendee of the defendant in execution.

2. SAME—PURCHASER.—A purchaser under such levy and execution with notice is entitled to the rights of the creditor, and his title under such purchase is not affected by his notice of the adverse claim.

3. SAME.—At common law the lien acquired by a judgment or levy of an execution extends to and binds only such title or interest as the debtor had in the land at the date of the judgment or levy.

4. SAME.—The rule as to such liens at common law has been modified by our statutes.

5. REGISTRATION LAWS—CONSTRUCTION OF STATUTES.—Paschal's Dig., arts. 4988, 4989, construed. The statute, in plain and unmistakable language, says that unrecorded conveyances, whether by deed or bond, are void as to two classes of persons, viz: "All creditors" and "subsequent purchasers for valuable consideration without notice."

6. SAME.—Paschal's Dig., arts. 4988, 4989, 4994, discussed.

7. SAME.—If an unrecorded instrument cannot take effect, but is void as to creditors, it is absurd to say that the creditor's lien does not bind the land to which it applies, or that it cannot be enforced by sale of the land so bound by it for the payment of the debt, just as if no such instrument existed.

8. SAME.—Nor can the right of the creditor acquired by his lien, not merely to purchase himself, but to have the land sold in open market, be taken away by the subsequent record of such instrument; nor

can the creditor be precluded from the full benefit of his lien for the satisfaction of his demand, except by becoming himself- the purchaser.

9. SAME—PURCHASER WITH NOTICE.—Hence a purchaser with notice, under an execution sale of land upon which the creditor had established his lien, takes as good title as if the creditor had himself become the purchaser.

10. CREDITORS—NOTICE.—Our courts have held these rules only as to rights in real estate and in cases where the creditor is unaffected by notice at the date his lien is fixed.

11. *Quere*, left undecided whether the creditor, with notice at the time of the judgment or levy relied on as fixing the lien, would take anything against the equity of which he had notice.

12. OVERRULED.—Price *v.* Cole, 35 Tex., 461.

13. CASES DISCUSSED.—Fisk *v.* Wilson, 15 Tex., 432; Blankenship *v.* Douglas, 26 Tex., 226; Ayres *v.* Duprey, 27 Tex., 593; Orme *v.* Roberts, 33 Tex., 768.

14. CASES APPROVED.—Blankenship *v.* Douglas, 26 Tex., 226; Ayres *v.* Duprey, 27 Tex., 593.

APPEAL from Montague. Tried below before the Hon. A. E. Wilkinson, special judge.

Thomas L. Wade and Lucy A. Mains, surviving widow of L. F. Mains, sued Charles D. Grace, J. J. Jones, Martha Anderson, and her husband, Aaron Anderson, A. J. Hailey, and Houston Hailey, claiming 640 acres, interest in a survey of a tract of 1,252 acres described in the petition; alleging that on February 20, 1869, the defendant, J. J. Jones, for valuable consideration, executed his title bond, whereby he contracted with plaintiffs, Wade and S. F. Mains, to execute to them a valid deed by July 1, 1869, for said 640 acres; that Wade and Mains had paid the purchase-money, $640, and S. F. Mains was dead; that the plaintiff, Lucy A., had filed her bond and inventory under the statute, and that Jones refused to make title to plaintiffs for said land. The petition admitted an interest in the other defendants in the 1,252-acres tract, and as to them asked partition.

C. D. Grace pleaded that on May 1, 1871, Sarah E. and William L. Gilcres obtained judgment in the District Court of Fannin County against J. J. Jones *et al.* for $240.83,

under which judgment, an *alias* execution was issued October 5, 1871, to the sheriff of Montague county; that December 23, 1871, the sheriff of said county, under said execution, levied on two tracts of said 1,252-acres tract, one of 371 and the other of 147 acres, (describing the tracts;) that the execution was returned for want of time to sell; that thereafter, on February 7, 1872, a *venditioni exponas* was issued, commanding said sheriff to sell said land so levied on in satisfaction of said judgment; that sale was made under said order on the first Tuesday in March, 1872, when defendant, for the sum of thirty dollars, became the purchaser; that the sheriff executed a deed to defendant for the lands so purchased, and "that at the time of the issuance of and levy of said execution as aforesaid, the plaintiffs therein had received no notice, actual or constructive, of the title bond" set forth in the petition from Jones to Wade and Mains, and under which they claim; that it had never been registered or filed for record in the proper county, and that plaintiffs in said execution had no notice of any claim of Wade and Mains to said land.

To the answer of Grace plaintiffs excepted, because it was not alleged therein that he (defendant) had no notice of plaintiff's title at or before his purchase at the execution sale.

The exceptions were sustained and the answer excluded.

Judgment was rendered for plaintiffs as prayed for, and Grace appealed, alleging as error the action of the court in sustaining plaintiff's exceptions to his answer.

*W. O. Davis*, and *Walton, Green & Hill*, for appellant.

*Potter & Dixon*, for appellees.

MOORE, ASSOCIATE JUSTICE.—The only question in this case is, whether a vendee of land, who claims title by an unrecorded deed, or bond for title, or the purchaser, with notice of such deed or bond, at execution sale on a judgment

against the vendor, where the creditor has no notice of the title or claim of the vendee at the date of the levy of the execution, has the better title. The determination of this question depends upon the nature and character of the lien acquired by a creditor by the judgment and levy of execution, and if it is admitted that the lien of the creditor is superior to the unrecorded deed of the vendee, whether a purchaser under the execution with notice, is entitled to all the rights of the creditor.

Both of these propositions, as we think, are plainly and conclusively answered by our statutes. There appears to be, however, some uncertainty on the subject in the mind of the profession, as well as some confusion in regard to it in the later decisions of the court. This seems to us to arise from a failure to apprehend the full import and purpose of the statutes, and from not observing the facts upon which the earlier decisions of the court turned and the distinctions adverted to by the court in determining those cases.

It is well settled that the lien acquired by a judgment or levy of an execution by the common law, extends to and binds only such title or interest as the debtor has in the land at the date of the judgment or levy of the execution under which the lien is claimed, and that the equitable rights of third persons will be upheld against the legal lien of the debtor. (Blankenship *v.* Douglas, 26 Tex., 228.)

But the rights of the lien creditor, and of third parties claiming by unrecorded conveyances, are not to be determined with us by the common law, but by the statute changing and modifying, and to some extent, at least, entirely abrogating the common-law rule in such case.

Article 4988, Paschal's Dig., says: "All bargains, sales, and conveyances whatsoever, of any lands, tenements, and hereditaments, whether they may be made for passing any estate of freehold or inheritance, or for a term of years; * * * and all deeds of trust and mortgages whatsoever, which shall hereafter be made and executed, shall be void as

to all creditors, and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved, and lodged with the clerk to be recorded according to the directions of this act, but the same, as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof, or without consideration, shall nevertheless be valid and binding."

And the next succeeding article expressly shows that title bonds, if, indeed, there could have been otherwise any doubt about it, are written contracts in relation to land, to which the provisions of the article we have quoted, apply.

The statute, in plain and unmistakable language, says that unrecorded conveyances, whether by deed or bond, are void as to two classes of persons, viz, "all creditors" and "subsequent purchasers for valuable consideration without notice." Now, it will be noted that there is a marked distinction between these two classes of persons for whose benefit the statute was enacted; for while such unrecorded instruments are void as to "all creditors," they are only so as to "purchasers for a valuable consideration and without notice." And lest there might be any uncertainty in its proper construction, and to guard against all danger of confounding the two classes, as to whom such instrument was declared void, without making any qualification or restriction as to creditors, it enacts, that as to the parties to such instruments, and their heirs, and all subsequent purchasers with notice, and without valuable consideration, they shall be valid. And as still further showing that the same rule was not intended to apply to the "creditors," as to whom the unrecorded instrument is declared void, as is applicable to "subsequent purchasers," the statute again says: "Every conveyance, covenant, agreement, deed, deed of trust, or mortgage, in this act mentioned, which shall be acknowledged, proved, or certified, according to law, and delivered to the clerk of the proper court to be recorded, shall take effect and be valid as to all subsequent purchasers for a valuable consideration,

without notice, and as to all creditors from the time when such instrument shall be so acknowledged, proved, or certified and delivered to such clerk, to be recorded, and from that time only. (Paschal's Dig., art. 4994.)

Now, if the unrecorded instrument cannot take effect, but is void as to creditors, it is absurd to say that the creditor's lien does not bind the land to which it applies, or that it cannot be enforced by the sale of the land so bound by it for the payment of the debt, just as if no such instrument existed. And it would be equally as absurd to say that the right acquired by the creditor by his lien, not merely to purchase himself, but to have the land sold in open market, when once secured, can be taken away by the subsequent record of such instrument, or that the party holding such lien can, by subsequent notice, be precluded from the full benefit of his lien for the satisfaction and discharge of his demand, except by becoming himself the purchaser.

It is scarcely necessary to say that our courts, like those of other States whose statutes on this subject extend to creditors, have held that they only apply to and protect creditors who have acquired some character of lien upon or interest in the land. It may be well to remark that it has also been held by our court that the equity of the statute only applies to creditors who are not chargeable with notice of the unrecorded deed prior to acquiring their lien, differing in this respect from the construction given their statute by the courts of Virginia, from which ours seems to have been in the main copied. But as the creditor in this case had no notice prior to the levy of the execution whereby the lien was acquired, we are not called upon to choose between these conflicting decisions, if this could be now regarded as an open question in this court.

The cases to which we are cited by appellee's counsel in support of the ruling of the court below, are those of Fisk v. Wilson, 15 Tex., 432; Blankenship v. Douglas, 26 Tex.,

226; Ayres *v.* Duprey, 27 Tex., 593; Orme *v.* Roberts, 33 Tex., 768; Price *v.* Cole, 35 Tex., 461.

While the last of these cases unquestionably maintains the judgment in this case, none of the others can be properly said to do so. The leading principles decided in these cases, as well as the essential facts upon which the judgments in them rest, are altogether different from those presented by the case of Price *v.* Cole. This manifest difference was not adverted to in the opinion in the latter case, but seems to have been entirely overlooked by the court. The court evidently took it for granted the judgments in these several cases were absolutely decisive of the case then before it, and contented itself, on their supposed authority in its support, with the bare announcement of its judgment.

In Fisk *v.* Wilson the jury found that the creditor had notice of the unrecorded trust prior to the execution of his mortgage, and that the injunction was served prior to the order of the Probate Court confirming the sale by the administrator, under the order of the court, on application of the mortgagee. Evidently, neither the creditor nor purchaser, under the construction of the statute of this State, was within the protection of the statute. The first, because of the notice to him before taking his mortgage, and the last, because the purchase was not concluded until after the injunction; and therefore, if the sale was ever in fact consummated, it was done in contempt of the order and process of the court.

In Blankenship *v.* Douglas the distinction between the common-law lien and that given by our registration statutes, or in other words, when a third party asserts against a creditor or purchaser under his judgment a title or interest to which the registration laws do or do not apply, is fully and clearly recognized. Indeed the judgment is rested directly on this distinction. The court expressly says that the lien of the judgment would have prevailed over an unregistered deed from the defendant. But inasmuch as Blankenship claimed an equitable estate not within the contemplation of the regis-

tration laws, and therefore not affected by them, it held his equitable title not within the lien of the judgment.

In Ayres *v.* Duprey the distinction between the protection given by the registration laws to "creditors" and "purchasers" is pointed out; and the court, after citing authorities to show that a purchaser at sheriff's sale might claim the protection of the statute as a purchaser without notice, if warranted by the facts, and finding that the facts did not entitle Ayres, who was both judgment creditor and purchaser under the execution, to claim the protection of the statute as a purchaser, it then said he might, nevertheless, be entitled to its protection as a creditor.

In Orme *v.* Roberts the title set up in opposition to the judgment lien sprang from a vendor's lien, which the court, in its opinion, says was not within the registration acts. Hence the other party could not claim under them as a "creditor," and as he purchased *lis pendens*, he was not protected as a purchaser without notice.

If we look at the decisions in other States, by whose registration statutes unregistered deeds are declared void as to creditors, as well as purchasers for a valuable consideration, without notice, it will be found that the decision of Price *v.* Cole is without support elsewhere, as well as in our court.

In the case of Fish *v.* Ravesaes, 32 Ala., 45, the Supreme Court of Alabama hold that a judgment creditor who not having actual notice of a deed of trust not duly recorded becomes the purchaser at the sheriff's sale under his own judgment, is entitled to protection as a purchaser without notice, although the deed of trust had been recorded before the sale.

It is the settled rule in Illinois, says its court, that creditors are within the protection of the conveyance act, and stand as purchasers, and are to be regarded as such. (See McFadden *v.* Worthington, 45 Ill., 362; Guiteau *v.* Wisely, 47 Ill., 433.) The Supreme Court of Virginia, on a thorough analysis of its statute, which seems to be almost identical with ours, holds

34

that an unrecorded deed is void as to creditors, whether they have notice or not, but good against purchasers with notice, or those who have not purchased for valuable consideration; and that a purchaser under a sale in behalf of a creditor holds the right and occupies the place of the creditor, and therefore is not affected by notice of an unrecorded deed. (Guirrant *v.* Anderson, 4 Rand., 203.)

In Pollard *v.* Cocke, 19 Ala., 188, Chilton, J., says: "If the deed is not recorded within the six months required by law, nor until after a judgment is rendered against the vendor, the subsequent registration of the deed does not relate back so as to defeat the lien of the judgment, but the statute avoids the deed in favor of the judgment creditor, who has no notice of such deed, either actual or constructive, at or before the rendition of such judgment. A notice acquired before the sale, but after the lien attaches, cannot operate to divest the lien or affect the title of a purchaser under the judgment."

And also in Daniels *v.* Sorrells, 9 Ala., 436, Collier, Ch. J., says "that the title of the purchaser of land at a sale under execution, will not be prejudiced, though he have notice of an unregistered deed, if the plaintiff in execution was ignorant of its existence." To the same effect is the case of DeVandell *v.* Hamilton, 27 Ala., 156.

In the case of Butler *v.* Maury, 10 Humph., 420, after quoting the registration act, the court says: "It follows, therefore, that the creditors of the vendor, in the present case, had a right to cause the land in question to be levied on and sold in satisfaction of their judgment, because, as to them, the title bond, not being registered, was null and void. The act of the defendant, in causing this sale to be made, was merely as their attorney and for their benefit.

"If the creditor of the vendor had right to a sale of the land, another might purchase. To deny his right to purchase would be so far to restrict the creditor's right to sell, because his right is that the property shall be sold to the

highest bidder to raise a fund for the payment of his debt. Nor do we think that the fact that the defendant had been attorney for the parties, and had full notice of complainant's equitable right, should affect, in any degree, his title acquired by purchase at the sheriff's sale."

So, also, in Pennsylvania, it is held that the holder of an unrecorded mortgage, or of a mortgage illegally recorded, cannot, by giving notice of its existence at the sheriff's sale upon the judgment, bind the estate mortgaged in the hands of the purchaser when the judgment creditor had no notice of the mortgage when his judgment was entered. (Uhler v. Hutchinson, 23 Penn. St., 110; Hulings v. Guthrie, 4 Barr, 123.)

And in Shepherd v. Burkhalter, 13 Ga., 443, the court say: "In view of the terms of this statute, it is our opinion (especially in the absence of proof affecting the conscience of the judgment creditor with notice) that if the mortgage in this case was not recorded in time, the lien of these judgments obtained in the justices' court, attached to the land, and when it was sold under and by virtue of this lien, the purchaser, whether he had notice of the unrecorded mortgage or not, took the interest which was sold, viz, the estate of the judgment creditor in the land, and *quoad*, that interest in the estate must be subrogated to the rights of the creditor." And further says the court, notice given by the mortgagor, nor proclamation by the sheriff that the land is sold subject to the mortgage, will affect the title of the purchaser, because "neither the notice nor sheriff's proclamation could change the law and divest the lien of the judgment; and *pro tanto* the purchaser certainly took title to the property sold." (See also Smith v. Jordan, 25 Ga., 687.)

We conclude by saying, that while the judgment in Price v. Cole is not warranted by the previous decisions in our own court or elsewhere, and must therefore be overruled, we adhere to and sustain the doctrine to be deduced from the case of Ayres v. Duprey, that one who purchases at sheriff's

sale may claim protection under the statute as a purchaser, even when the judgment creditor himself is not, as creditor, within its protection, and *vice versa*. While he cannot bring himself within its provisions in the character of a purchaser, he, or others subrogated to his rights, may be entitled to its protection as creditor. We also cordially approve and re-affirm the decision in Blankenship *v.* Douglass, to the effect that the judgment lien on land of the debtor extends to and binds only such estate as the debtor has when the lien at-taches, except as this doctrine is qualified by the registration laws prescribing the effect of unrecorded conveyances and mortgages upon the rights of creditors and purchasers.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.