ALICE S. STOVALL V. JAMES M. ODELL.

No. 1172.

**1. Judgment Lien—Burden of Proof on Notice.**—Purchaser at execution sale under a registered judgment, in order to recover of a purchaser under an unrecorded deed executed prior to the date of the registration of the judgment, must prove that he had no notice of the outstanding title at the time the judgment was registered.

**2. Insufficient Proof of Want of Notice.**—The agent of the purchaser at execution sale under registered judgment testified, that at the time the judgment was registered he did not know of the outstanding deed. The plaintiff did not testify. *Held,* that the testimony did not show want of notice by the plaintiff at time the judgment lien was fixed by the registration of the judgment under which the land was claimed by execution sale.

ERROR to District Court of Travis County. Tried below before Hon. JAMES H. ROBERTSON.

*Osceola Archer,* for plaintiff in error.—The material facts in this case which were properly in evidence are very few. The plaintiff in error claims to be a judgment lien creditor under article 4332 of the Revised Statutes, as interpreted by the case of Grace v. Wade, 45 Texas, 522, which is yet the law of this State, and which has been specially confirmed by the following decisions: Simpson v. Chapman, 45 Texas, 564; Borden v. McRae, 46 Texas, 401; Grimes v. Hobson, 46 Texas, 418, 419; Cavanaugh v. Peterson, 47 Texas, 207, 208; Catlin v. Bennett, 47 Texas, 170; Linn v. Le Compte, 47 Texas, 442; Taylor v. Harrison, 47 Texas, 459, 460; Wallace & Co. v. Campbell, 54 Texas, 87; Senter & Co. v. Lambeth, 59 Texas, 262; Calvert v. Roche, 59 Texas, 464; Parker v. Coop, 60 Texas, 116, 117; Bradley v. Love, 60 Texas, 478; McKeen v. Saltenfuss, 61 Texas, 327, 328; Brown & Co. v. Chancellor, 61 Texas, 444; Ryan v. Ryan, 61 Texas, 476; McKamey v. Thorp, 61 Texas, 651; Sinker, Davis & Co. v. Comparet, 62 Texas, 476; Keller v. Smalley & Harris, 63 Texas, 519; Overstreet v. Manning, 67 Texas, 363; Lewis v. Johnson, 68 Texas, 450; Wright v. Lassiter, 71 Texas, 644; Bonner v. Grigsby, 84 Texas, 332.

On motion for rehearing: We concede the proposition, that where one of the parties holds a legal title and the other party sets up an equity to defeat the legal title, then such party would have the burden of proof in order to defeat the legal title. Johnson v. Newman, 43 Texas, 628; Hill v. Moor, 62 Texas, 610; Biggerstaff v. Murphy, 3

Texas Civ. App., 363. But we submit that no case can be found where either this or the Supreme Court has held that the burden of proof is on the party holding the legal title, and claiming under a sheriff's deed, to prove that he did not have notice of the unrecorded deed set up as a defense by the defendant, and upon his failure to do so, to allow the unrecorded deed to prevail and pass the title to the defendant. Linn v. Le Compte, 47 Texas, 440; McKamey v. Thorp, 61 Texas, 650, Wright v. Lassiter, 71 Texas, 645.

*Fred. Carlton*, for defendant in error.

FISHER, CHIEF JUSTICE.—This is a suit by plaintiff in error against Odell to recover certain lots situated in the city of Austin, Travis County. The case was tried below before a jury, and verdict and judgment rendered in favor of defendant in error, Odell.

*Findings of Fact.*—T. L. Wren is common source of title. Defendant in error holds and claims under a deed executed by T. L. Wren and wife to him, July 31, 1890, conveying for a valuable consideration the lots in controversy. This deed was not recorded until July 15, 1892. Plaintiff in error holds under a judgment against T. L. Wren and others for $239.70, recovered October 13, 1891, a proper abstract and judgment record indexed and recorded in Travis County on January 29, 1892, and execution sale under said judgment on July 5, 1892, for the sum of $7.55 cash paid at the time of the execution sale, and $30 credited on the judgment.

*Opinion.*—Some other facts are stated in the record, but the foregoing are presented as all the conclusions of fact deemed necessary to be found by this court, in view of the manner in which we dispose of the case.

The issue in this case is whether the plaintiff in error, Alice S. Stovall, was a purchaser without notice of the prior unrecorded deed executed by Wren to Odell. Under the doctrine of Grace v. Wade, 45 Texas, 522, and subsequent cases following it, it is well established that a subsequent lien creditor will be protected against the prior unrecorded conveyance, if at the time he acquires his lien he has no notice of such prior conveyance, although he may have acquired notice prior to the purchase at execution sale. If as a fact such lien creditor, at the time his lien was acquired, had notice of the prior unregistered conveyance, he will not receive the aid of a court of equity in making his title prevail.

The court below correctly instructed the jury on this issue, that the burden of proof rested upon the plaintiff in error to prove that she acquired her lien without notice of the execution of the deed to defendant in error. The evidence in the record clearly shows that Joseph Spence, the agent of plaintiff in error, did not have notice of such

prior conveyance at the time the judgment lien was created, but there is an entire absence of evidence in the record tending to show that the plaintiff in error did not have notice, nor are there any facts stated or detailed from which it could be inferred that she did not have notice. She did not testify in the case, and Joseph Spence, the only witness relied upon as establishing the want of notice, testified, that he did not know what information she had on the subject. From this statement, it is clear that no other judgment could have been rendered in the case.

Those objections to evidence become unimportant in view of the disposition that we have just made of the case, because the admission of that evidence, or its exclusion, could have had no possible bearing on the result reached by the jury; for under the facts in the record on the issue of notice, it would have been error for the jury to have found differently than they did. Besides, the evidence objected to was expressly excluded from the consideration of the jury by an instruction of the court to that effect.

The charge of the court was a fair presentation of the law, and covered all the issues in the case.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered March 20, 1895.